UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SILVIANO CHRISTMAN,

Plaintiff,

-against-

DOCTOR SVETLANA KALIMULINA, et al.,

Defendants.

**ORDER OF SERVICE**

21 Civ. 7318 (PGG)

PAUL G. GARDEPHE, United States District Judge:

Plaintiff Silviano Christman, currently detained on Rikers Island, brings this pro se action under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act, alleging that Defendants used excessive force against him, denied him medical attention, and removed his wheelchair. The Court also construes the Complaint as asserting claims under 42 U.S.C. § 1983.

On September 21, 2021, Plaintiff was granted leave to proceed in forma pauperis ("IFP").[1] (See Dkt. No. 4)

As set forth below, the Court: (1) requests that Defendants Captain Fernandez, Captain Smith, Correction Officer McQueen, and Deputy Warden Miller waive service of summonses; (2) orders service on Dr. Svetlana Kalimulina; (3) grants Plaintiff 60 days' leave to file an amended complaint to state facts regarding the personal involvement of Defendants Captain Ellebe, Dr. Hassan, Dr. Vale, Warden Walker, Warden Collins, Deputy Warden Chester, Correction Officer Boucaud, and Ross McDonald; and (4) notes that Local Civil Rule 33.2 is applicable to this case.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed in forma pauperis. See 28 U.S.C. § 1915(b)(1).

## LEGAL STANDARDS

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). A court must dismiss a prisoner's in forma pauperis complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction over it. See Fed. R. Civ. P. 12(h)(3). While the law authorizes dismissal on any of the grounds cited above, district courts are "obligated to construe a pro se complaint liberally." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Thus, pro se complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted).

## DISCUSSION

### A. Waiver of Service of Summons

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendants North Infirmary Command (NIC) Captain of Security Fernandez, NIC Captain Smith, Correction Officer McQueen, Badge #18538, and NIC Deputy Warden of Security Miller waive service of summonses.

### B. Defendant Kalimulina

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. Walker v. Schult, 717 F.3d. 119,

123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); see also Murray v. Pataki, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m)."). If service has not been made within 90 days from the date the summons is issued, and if Plaintiff has not requested an extension of time to serve within that 90 days, **this action may be dismissed** pursuant to Rules 4 and 41 of the Federal Rules of Civil Procedure.

To allow Plaintiff to effect service on Defendant Dr. Svetlana Kalimulina through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

Plaintiff must notify the Court in writing if his address changes. Failure to do so **may result in dismissal of this action**. Plaintiff is advised that the Pro Se Office at the United

States Courthouse, 500 Pearl Street, Room 230, New York, New York 10007, telephone: (212) 805-0175, may be of assistance in connection with court procedures.

**C. Remaining Individual Defendants**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. See Spavone v. N.Y. State Dep' t of Corr. Serv., 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." Tangreti v. Bachmann, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how Defendants Captain Ellebe, Dr. Hassan, Dr. Vale, Warden Walker, Warden Collins, Deputy Warden Chester, Correction Officer Boucaud, and Ross McDonald were personally involved in the events underlying his claims. The Court therefore grants Plaintiff 60 days' leave to file an amended complaint to state facts in support of his claims against these defendants. Because Plaintiff's amended complaint **will completely replace**, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package. An Amended Complaint form is attached.

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendants Fernandez, Smith, McQueen, and Miller waive service of summonses.

The Clerk of Court is further instructed to issue a summons as to Dr. Kalimulina, complete the USM-285 forms with the address for this defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[2]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated: New York, New York
November 16, 2021

SO ORDERED:

Paul G. Gardephe, U.S.D.J.

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

## DEFENDANT AND SERVICE ADDRESS

Svetlana Kalimulina, M.D.
c/o Gwendolyn Renee Tarver
PAGNY- Correctional Health Services
49-04 19th Avenue
1st Floor
Astoria, New York 11105

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

___________________________________________________

___________________________________________________

Write the full name of each plaintiff.

-against-

___________________________________________________

___________________________________________________

___________________________________________________

___________________________________________________

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_______________

(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes ☐ No

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: ______________________________

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

______________________________

First Name Middle Initial Last Name

______________________________

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

______________________________

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

______________________________

Current Place of Detention

______________________________

Institutional Address

______________________________

County, City State Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☐ Convicted and sentenced prisoner

☐ Other: ______________________________

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 2:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 3:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 4:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

## V. STATEMENT OF CLAIM

Place(s) of occurrence: ______________________________

Date(s) of occurrence: ______________________________

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_______________________ _______________________
Dated Plaintiff's Signature

_______________________________________________
First Name Middle Initial Last Name

_______________________________________________
Prison Address

_______________________________________________
County, City State Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: ____________