

**THE CITY OF NEW YORK**

**HON. SYLVIA HINDS-RADIX**
*Corporation Counsel*

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**ANDREY UDALOV**
*Assistant Corporation Counsel*
Phone: (929) 486-5724
Fax: (212) 356-3509
audalov@law.nyc.gov

April 26, 2022

**BY ECF**
Honorable Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

MEMORANDUM ENDORSED

Re: *Silviano Christman v. Dr. Svetlana Kalimulina, et al.*
21-CV-07318 (PGG) (GWG)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Hon. Sylvia Hinds-Radix, Corporation Counsel of the City of New York, and the attorney for defendants Deputy Warden Miller, Captain Fernandez, Correction Officer McQueen and Dr. Kalimulina in the above-referenced matter. For the reasons set forth herein, defendants respectfully request that this matter be stayed due to an ongoing investigation by the New York City Department of Correction ("DOC") remains in to the June 19, 2021 incident alleged in the complaint.[1] Defendants did not have an opportunity to confer with plaintiff prior to timely submitting this request due as plaintiff's contact information remains outdated.[2] This is defendants' first request for a stay.

      Plaintiff alleges that, on June 19, 2021, Cpt. Smith "threatened to kill" and "cut" plaintiff, used vulgar language, ordered another inmate to hit plaintiff with a chair and then throw urine on him. (ECF No. 2, at p. 6) Plaintiff also alleges that, on that same date, Cpt. Smith sprayed him with oleoresin capsicum, repeatedly struck him with a closed fist, kneeled on plaintiff's neck and then sprayed plaintiff again with oleoresin capsicum. *Id.*

      Proceeding with this matter at this time would create several burdensome procedural problems, and a stay allowing the investigation to conclude before further litigation would serve the interests of judicial economy.

---

[1] Plaintiff also alleges instances of violations of his constitutional rights on June 25, 2021 and August 2, 2021.

[2] The docket sheet reflects plaintiff's address as being at a DOC facility (ECF No. 4); upon information and belief, however, plaintiff has not been in DOC custody since January 21, 2022 but has not updated his contact information since that date.

Federal Courts have inherent power and discretionary authority to stay a case if the interests of justice so require. *See United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970); *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986); *Volmar Distributors, Inc. v. The New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993). More specifically, federal courts are authorized to stay a civil action pending the outcome of a related proceeding. *See, e.g., Kashi*, 790 F.2d at 1057. (A court may, in its discretion stay a civil proceeding when the interests of justice seem to require such action.)

A stay of this matter is required in the first instance so as to allow this Office to make fully informed representation decisions with respect to individual defendants and avoid conflict of interest issues that could complicate and delay this litigation in the future. Pursuant to N.Y. General Municipal Law § 50-k, the City is obligated to provide representation to individual defendants to the extent that they were acting within the scope of their duties as employees during the incident in question. *See* N.Y. General Municipal Law § 50-k; *Mercurio v. City of N.Y.*, 758 F.2d 862, 854-65 (2d Cir. 1985) (*quoting Williams v. City of N.Y.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law). This office, however, will be unable to resolve representation issues until such time as the ongoing DOC investigation is complete.

Should a stay not be granted, this Office would be called upon to decide whether to represent individual defendants who requested representation prior to learning the outcome of the investigation of the alleged conduct. If the City's attorneys undertake representation, but the defendants are later found responsible for any wrongdoing, then the City's attorneys would no longer be able to represent the officers and conflict of interest issues may arise. At a minimum, new counsel for the officers would be required. Such a scenario during the course of discovery would cause a greater disruption and delay to the instant action than the requested stay at this early stage.

Additionally, the City's counsel is unable to formulate a response to the complaint without communicating with the employee(s) involved in the alleged incident. Because the matter is under internal disciplinary investigation, this Office should avoid interference in that investigation through the conduct of its own inquiry. The Law Department's ability to conduct its own investigation is therefore hampered until the disciplinary matter is resolved. Absent the stay, the City may be required to go forward without sufficient information to formulate a response.

Second, to conduct discovery, the parties will require the documents associated with the investigation file, many of which (to the extent that they exist) will be protected from discovery by the deliberative process privilege prior to the conclusion of the DOC investigation. *See Nat'l Council of La Raza v. Dep't of Justice*, 411 F.3d 350, 356 (2d Cir. 2005) (an inter-agency or intra-agency document may be subject to the privilege if it is both pre-decisional and deliberative).

Further, the law enforcement privilege prevents disclosure of a pending investigation in order to "safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *National Congress for Puerto Rican Rights v. City of N.Y.*, 194 F.R.D 88, 93 (S.D.N.Y. 2000) (*citing In re Dep't of Investigation of the City of N.Y.*, 856 F.2d 481, 484 (2d Cir. 1988) (citations omitted)). Consequently, the parties to this action will not have access to vital information, until the DOC investigation is resolved. For these reasons, in matters where there is a pending internal investigation, courts have granted a stay

of proceedings. *See Mason v. City of N.Y.*, 19-CV-5450 (VSB), 2019 U.S. Dist. LEXIS 206349 at *2 (S.D.N.Y. Nov. 27, 2019) (granting stay pending the completion of DOC investigation); *Peguero v. City of N.Y.*, 20-CV-4518 (LAK), 2020 U.S. Dist. LEXIS 216031 at *6 (S.D.N.Y. Nov. 18, 2020) (granting stay pending completion of DOC investigation); *see also Felix v. City of N.Y.*, 16-CV-5845 (AJN), 2016 U.S. Dist. LEXIS 120000 at *7 (S.D.N.Y. Sep. 6, 2016) (granting stay pending the outcome of an New York Police Department investigation).

For these reasons, this Office respectfully requests that the Court stay this matter and all deadlines therein until DOC completes its investigation. This Office is prepared to provide the Court with monthly updates regarding the status of the DOC investigation until the matter is resolved.

We thank the Court for its consideration of this matter.

Respectfully submitted,

*Andrey Udalov* /s/

Andrey Udalov
Assistant Corporation Counsel

cc:  **VIA U.S. MAIL (to address on docket sheet)**
Silviano Christman
NYSID: 03053154R
3491903612
Rikers Island
11-11 Hazen Street
East Elmhurst, NY 11370
*Plaintiff, Appearing Pro Se*

The case is stayed pending further order of the Court. The defendants shall file an update on the status of the Department of Correction investigation on June 26, 2022, and every 30 days thereafter. The Court notes that the DOC website reflects that plaintiff has been in DOC custody since April 18, 2022.

So Ordered.

GABRIEL W. GORENSTEIN
United States Magistrate Judge
April 26, 2022

3