UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SILVIANO CHRISTMAN,

                Plaintiff,

-against-

DR. SVETLANA KALIMULINA,
CAPTAIN FERNANDEZ, CAPTAIN
SMITH, DEPUTY WARDEN MILLER,
DEPUTY WARDEN CHESTER, WARDEN
WALKER, WARDEN COLLINS, ROSS
MCDONALD, DR. HASSAN, DR. VALE,
CORRECTIONAL OFFICER MCQUEEN,
CORRECTIONAL OFFICER BOUCAUD,
and CAPTAIN ELLEBE,

                Defendants.

**ORDER**

21 Civ. 7318 (PGG) (GWG)

PAUL G. GARDEPHE, U.S.D.J.:

        Pro se Plaintiff Silviano Christman brings this Section 1983, Americans with Disabilities Act, and Rehabilitation Act action against Defendants Doctor Svetlana Kalimulina, Captain Fernandez, Captain Smith, Deputy Warden Miller, Deputy Warden Chester, Warden Walker, Warden Collins, Ross McDonald, Dr. Hassan, Dr. Vale, Correctional Officer McQueen, Correctional Officer Boucaud, and Captain Ellebe. (Cmplt. (Dkt. No. 2))

        The Complaint was filed on August 31, 2021. Christman was incarcerated at the time. (Cmplt. (Dkt. No. 2)) In a signed certification attached to the Complaint, he states: "I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case." (Id. at 9)

On September 21, 2021, Judge Swain, to whom this case was initially assigned, issued an order granting Plaintiff's request to proceed in forma pauperis. (Dkt. No. 4) The September 21, 2021 Order states that "it is Plaintiff's obligation to promptly submit a written notification to the Court if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so." (Id. at 2)

On September 22, 2021, this case was reassigned to this Court. On November 16, 2021, this Court issued an Order of Service (1) requesting that Defendants Fernandez, Smith, McQueen, and Miller waive service of summonses; (2) instructing the Clerk of Court "to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service on . . . [D]efendant Kalimulina"; and (3) "grant[ing] Plaintiff 60 days' leave to file an amended complaint to state facts in support of his claims against [the remaining] defendants." (Nov. 16, 2021 Order (Dkt. No. 6) at 2-4) The November 16, 2021 Order also states: "Plaintiff must notify the Court in writing if his address changes. Failure to do so **may result in dismissal of this action**." (Id. at 3 (emphasis in original)) That same day, this Court referred this case to Magistrate Judge Gorenstein for general pretrial supervision. (Dkt. No. 7)

Following this Court's November 16, 2021 Order, Defendants Fernandez, Smith, McQueen, and Miller waived service. Executed waivers of service were filed on December 7, December 13, and December 15, 2021 (Dkt. Nos. 10, 12-13)

Plaintiff has not filed an Amended Complaint.

In an April 26, 2022 letter, Defendants state: "The docket sheet reflects plaintiff's address as being at a DOC facility ([Dkt.] No. 4); upon information and belief, however, plaintiff has not been in DOC custody since January 21, 2022 but has not updated his contact information since that date." (Apr. 26, 2022 Def. Ltr. (Dkt. No. 21) at 1 n.2)

2

The docket reflects that, after this case was referred to Judge Gorenstein, the following materials were mailed to Plaintiff at the address on file and returned as undeliverable:

- November 17, 2021 "Information Package" (mailed on November 17, 2021 (Dkt. No. 9); returned as undeliverable on December 29, 2021);

- February 7, 2022 Order granting extension of time to respond to the Complaint (Dkt. No. 16) (mailed on February 7, 2022; returned as undeliverable on April 6, 2022);

- March 7, 2022 Order granting extension of time to respond to the Complaint (Dkt. No. 18) (mailed on March 7, 2022; returned as undeliverable on April 4, 2022);

- April 5, 2022 Order granting extension of time to respond to the Complaint (Dkt. No. 20) (mailed on April 6, 2022; returned as undeliverable on April 21, 2022);

- April 26, 2022 Order granting motion to stay (Dkt. No. 22) (mailed on April 27, 2022; returned as undeliverable on May 31, 2022).

In a November 25, 2022 letter, Defendants contend that "Plaintiff's failures to update his address after multiple warnings from the Court is an intentional abandonment of his action and, thus, this action should be dismissed." (Nov. 25, 2022 Def. Ltr. (Dkt. No. 32) at 2)

On November 29, 2022, Judge Gorenstein issued the following order regarding Defendants' November 25, 2022 letter:

> This letter fails to indicate whether defendants have any knowledge as to whether the copies of the status reports they have filed (Dkt. Nos. 24, 25, 27, 28, 31) and sent to plaintiff were returned as undeliverable. Defendants shall make a filing providing this information on or before December 16, 2022. In addition, plaintiff is directed to file a letter with the Court on or before December 16, 2022, stating his current address. This letter may be mailed to: Pro Se Docketing, 500 Pearl Street, New York, NY 10007.

(Nov. 29, 2022 Order (Dkt. No. 33) at 4) The docket reflects that the November 29, 2022 Order was mailed to Plaintiff on November 29, 2022 and returned as undeliverable on May 17, 2023.

> In a December 16, 2022 letter, Defendants state:
>
>> On or around October 26, 2022, Defendants mailed their October 26, 2022 Letter (Dkt. No. 31) to Plaintiff at his address listed on the docket: Rikers Island, 11-11 Hazen Street, East Elmhurst, New York 11370. However, on or around November 15, 2022, the parcel containing the October 26, 2022 Letter was returned to the Defendants with a notation stating, "return to sender, not deliverable as addressed, unable to forward." It appears that the United States Postal Service's notation that the parcel was undeliverable was dated November 15, 2022.
>>
>> The copies of the status reports previously filed by Defendants (Dkt. Nos. 24, 25, 27, and 28), were filed before the undersigned filed a Notice of Appearance in this case. (See Dkt. No. 29.)<sup>FN2</sup> Unfortunately, the undersigned and Ms. Anderson have not been able to determine whether the status letters filed by prior attorneys in this Office were also returned as nondeliverable. Nevertheless, for the reasons detailed in Defendants' November 25, 2022 Letter, and because the Defendants' October 26, 2022 Letter was returned as non-deliverable, Defendants respectfully request that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure due to Plaintiff's abandonment of this case.
>>
>> <sup>FN2</sup> Upon information and belief, Defendants have not received any notification concerning the status of their parcel containing the October 3, 2022 Notice of Appearance, which was mailed to Plaintiff on or around October 3, 2022.

(Dec. 16, 2022 Def. Ltr. (Dkt. No. 34) at 2 & n.2)

Despite Judge Gorenstein's November 29, 2022 Order, Plaintiff has not filed a letter stating his current address.

On December 21, 2022, Judge Gorenstein issued a Report and Recommendation ("R&R") recommending that this case be dismissed without prejudice for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b). (R&R (Dkt. No. 35))

28 U.S.C. § 636(b)(1)(C) provides that, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to [a magistrate judge's] proposed findings and recommendations." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

4

In accordance with Fed. R. Civ. P. 72, the R&R sets a deadline for objections, and states the consequences of a failure to object in a timely manner:

> Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. . . . If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal.

(R&R (Dkt No. 35) at 3-4 (citing Fed. R. Civ. P. 6(a)-(b), (d); Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010)))

No party has filed objections to Judge Gorenstein's R&R. The docket reflects that the R&R was mailed to Plaintiff at the address on file on December 22, 2022, and was returned as undeliverable on February 3, 2023.

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a timely objection has been made to a magistrate judge's R&R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Here, despite clear warning that a failure to file objections would result in a waiver of judicial review, no party filed objections to Judge Gorenstein's R&R. (See R&R (Dkt. No. 35) at 3-4) "[A] party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a

5

magistrate's recommended decision, it waives any right to further judicial review of that decision.").

Because no party filed objections to Judge Gorenstein's R&R, the parties have waived judicial review. This rule is non-jurisdictional, however, and because "its violation may be excused in the interests of justice," DeLeon, 234 F.3d at 86 (citing Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993)), this Court has considered whether there is any "'clear error on the face of the record'" that precludes acceptance of the magistrate judge's recommendation. Wingate v. Bloomberg, No. 11 Civ. 188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note); see also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.").

This Court has reviewed Judge Gorenstein's R&R and finds it to be thorough, well-reasoned, and free of any clear error. Accordingly, Judge Gorenstein's R&R (Dkt. No. 35) is adopted in its entirety, and the case is dismissed without prejudice, pursuant to Fed. R. Civ. P. 41(b).

The Clerk of Court is directed to mail a copy of this Order to pro se Plaintiff Christman at the address indicated on the docket, and to close this case.

Dated: New York, New York
July 27, 2023

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge